UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEVAN DONTAY HARRIS | NO. 1:08-CR-00215 |
| VERSUS | Judge Drell |
| UNITED STATES OF AMERICA | Magistrate Judge Perez-Montes |

_____

**MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**
_____

NOW INTO COURT, through undersigned counsel, comes defendant-movant, DEVAN DONTAY HARRIS (hereinafter "Harris"), who moves, pursuant to the provisions of 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.

**I.  Relevant Procedural and Factual Background.**

In an indictment filed on July 23, 2006,  Devan Dontay Harris was charged with one count of the assault of a government employee resulting in serious bodily injury, in violation of 18 U.S.C. §111(a)(1),(b). Doc. 1.  On January 12, 2009, Harris entered a plea of guilty pursuant to a plea agreement.  Doc. 22.  On May 11, 2009, Harris was sentenced to 156 months imprisonment.  Doc. 25.

According to the presentence investigation report, filed in the record under seal, Harris has two criminal convictions for Tennessee aggravated assault, PSR ¶ 24, and since he has at least two prior felony convictions for crimes of violence, he was found to be career offender under U.S.S.G. § 4B1.1(a) PSR ¶ 24.  With the application of the career offender enhancements,

the resulting guidelines range was 151 to 188 months. PSR ¶ 64.  The district court adopted the probation officer's findings and guidelines in sentencing Harris to an enhanced sentence of 156 months imprisonment.  Doc. 25.

Harris is presently in federal custody serving his sentence at the Florence ADMAX USP in Florence, CO.

**II.  Governing Legal Authorities**.

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The Supreme Court declared the residual clause of the ACCA, defining a "violent felony" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."  *Johnson*, 135 S. Ct. at 2557.  Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law."  *Id.*  The Court held the residual clause "vague in all its applications," Id. at 2561, and overruled the Court's contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).  Thus, to qualify as a violent felony after Johnson, an offense must satisfy either the elements clause or the enumerated offense clause.

Defendant-movant acknowledges the recent Fifth Circuit Order in In re: *Dequintan Arnick*, No. 16-10328 (5th Cir. June 17, 2016), holding that *Johnson* applies to the statutory language in the ACCA, but not to the functionally identical language in the Sentencing Guidelines.  However, Devan Dontay Harris respectfully maintains that *Arnick* is procedurally distinguishable as *Arnick* only applies to second or successor §2255 petitions and

defendant-movant's Motion is an initial § 2255 petition. Moreover, Harris contends *Arnick* was wrongly decided, and that the constitutional infirmity identified in Johnson also renders his sentence unconstitutional. Despite *Arnick*, he files this motion to preserve the issue for further review and to comply with the filing requirements of 18 U.S.C. § 2255.

In In re: *Dequintan Arnick*, No. 16-10328, the Fifth Circuit denied Arnick authorization to file a successive 2255 motion in the district court challenging his sentence which had been enhanced under the career offender provisions of the United States Sentencing Guidelines. 2016 WL 3383487 (June 17, 2016). The *Arnick* panel determined that "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines . . . [n]or has the Supreme Court held that a Guidelines enhancement that increases the Guidelines range implicates the same due process concerns as a statute that increases a statutory penalty (internal citations omitted). *Id.* at p. 2. The Court "note[d] that even in direct appeals, rather than collateral review as presented here, federal courts of appeals disagree on whether Johnson applies to the Guidelines, demonstrating that the Supreme Court has not decided the question." *Id.* at 2. Finally, the Court found that even if *Johnson* "implicate[d] Section 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review."

The issues considered in *Arnick* are the subject of a petition for a writ of certiorari pending at the U.S. Supreme Court in the case of *Travis Beckles* v. *United States*, Docket No. 15-8544. On June 20, 2016, *Beckles* was distributed for conference on June 23, 2016. The *Beckles* petition seeks review of the following questions:

(1) Whether *Johnson v. United States* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines

(U.S.S.G.) § 4B1.2(a)(2) (defining "crime of violence"); (2) whether *Johnson'*s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*.

The issues considered in Arnick are also the subject of a petition for a writ of certiorari pending at the U.S. Supreme Court in the case of *Alfrederick Jones v. United States*, Dkt No. 15-8629 which on June 20, 2016 was distributed for conference on June 23, 2016.  The *Jones* petition seeks review of the following questions:

(1) Whether *Johnson v. United States* announced a new substantive rule of constitutional law that applies retroactively on collateral review to challenges of sentences imposed under the residual clause in United States Sentencing Guidelines career offender provision, U.S.S.G. § 4B1.2(a)(2); (2) whether *Johnson's* constitutional holding applies to U.S.S.G. § 4B1.2(a)(2)'s identical residual clause thus rendering that provision void; and (3) whether Petitioner's Pennsylvania conviction for robbery by force however slight is a "crime of violence" because it is listed in the commentary to U.S.S.G. § 4B1.2, even though it does not interpret and conflicts with the text of the guideline, after *Johnson*.

However, Defendant-movant maintains *Johnson's* holding  applies to U.S.S.G. § 4B1.2(a)(2)'s residual clause. The career offender guidelines' residual clause was adopted from and repeats the ACCA's residual clause verbatim.  See U.S.S.G.. App. C, Amend. 268 (1989). Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, this Circuit interpre[s] the clauses identically. *United States v. Moore*, 635 F. 3d 774, 776 (5th Cir.

4

2011)("Because of the similarities between...4B1.2(a)...and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably.") Even the government, post-*Johnson*, has conceded that the career offender's residual clause is unconstitutionally vague. See Motion, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 8, 2015). Moreover, the Fifth Circuit had, prior to is decision in *Arnick*, previously authorized the filing of successor 2255 motions, in light of Johnson, for defendants sentenced under the career offender guidelines. See Order, *In re Holston*, No. 16-50213 (5th Cir. May 17, 2016)(granting authorization to file successor 2255 motion for defendant sentenced under career offender guideline in light of Johnson); Order, *In re Rodriguez*, No. 16-10393 (5th Cir. May 17, 2016)(same).

This Section 2255 motion is timely filed under 28 U.S.C. § 2255(f)(3) because it is filed within the 1-year period of limitation from the date the right asserted herein was recognized by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

III.  GROUNDS FOR RELIEF

CLAIM ONE: Defendant-movant was denied his right to due process of law when his sentence was enhanced by prior convictions that were only cognizable as crimes of violence under U.S.S.G. 4B1.2(a)(2)'s residual clause, which clause is identical to that declared unconstitutionally vague in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and whose holding was made retroactive to cases on collateral review in *Welch v. United States*, 136 S.Ct. 1257 (2016).

Defendant-movant was sentenced to an enhanced sentence under the United States Sentencing Guidelines §4B1.2(a)(2), based upon two prior convictions for what the PSR

5

described as "violent felonies": two criminal convictions for Tennessee aggravated assault, PSR ¶ 24.

After *Johnson*, Harris is no longer a career offender because his prior convictions for the Tennessee aggravated assaults, PSR ¶ 37, PSR ¶ 40, which are required for him to be considered a career offender under the Sentencing Guidelines, can no longer be considered "crimes of violence."  While the PSR does not provide a specific statutory citation for the conviction, Tennessee law defined aggravated assault as follows:

(a) A person commits aggravated assault who:

    (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon; or

    (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon.

Tenn. Code, § 39-13-102 (West).

Tenessee aggravated assault is a divisible statute providing for the mens rea of recklessness. See, *United States v. Mungia-Portillo*, 484 F.3d 813, 816 (5th Cir. 2007)(Tennessee aggravated assault meets the enumerated crime under § 2L1.2.).  The Tennessee crime of aggravated assault is not burglary of a dwelling, arson, extortion or an offense involving the use of explosives. U.S.S.G. § 4B1.2(a)(2). While aggravated assault is listed an enumerated offense under Application Note 1 of § 4B1.2, without the residual clause, Application Note 1's enumeration of additional offenses no longer has any force.  That is, without the residual clause,

6

there is nothing left in § 4B1.2(a)'s text for Application Note 1 to explain; instead, Application Note 1 now serves only to expand improperly the guideline's scope by including offense that would not qualify under the use of force element or the enumerated offense elements clauses of the guideline itself.  See *United States v. Soto-Rivera*, 811 F.3d 53, 59-60 (1st Cir. 2016) (court rejected use of Application Note 1's listing of crimes to designate a listed crime as a crime of violence, concluding that there is "simply no textual hook in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of 'crime of violence.'").  See also *United States v. Lipscomb*, 619 F.3d 474, 476 (5th Cir. 2010) (commentary offense is a crime of violence because the Sentencing Commission said that the offense satisfies § 4B1.2(a)(2)'s residual clause, not because Application Note 1 has freestanding definitional authority independent of the guideline itself).   But see *United States v. Jeffries*, No. 14-51250, 2016 WL 2848498, at *1 (5th Cir. 2016) (per curiam) (court rejected Johnson-based challenge to career offender enhancement based on enumerated crime of violence under Application Note 1, concluding that the defendant, under the circumstances, was not sentenced under the residual clause of § 4B1.2). After *Johnson*, the Tennessee crime of aggravated assault can no longer be considered a crime of violence on the basis of the identical residual clause in the career offender guideline.

WHEREFORE, defendant-movant Devan Dontay Harris , through undersigned counsel, respectfully prays that the Court vacate Harris's sentence, order re-sentencing and grant him all further relief to which he is entitled, or, alternatively, hold this Motion to Vacate Under § 2255 in abeyance until the United States Supreme Court rules on whether *Johnson* applies to career offenders.

Respectfully submitted,

***s/ Rebecca L. Hudsmith,***
Rebecca L. Hudsmith, La. Bar Roll No. 7052
Federal Public Defender for the Western
& Middle Districts of Louisiana
102 Versailles Boulevard, Ste. 816
Lafayette, LA 70501
Tel: 337-262-6336   Fax: 337-262-6605

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the above and foregoing has this day been served by the court's electronic filing system. I have also sent a separate copy by e-mail to: C. Mignonne Griffing, Assistant United States Attorney, on this 27th day of June, 2016.

        /s/ Rebecca L. Hudsmith
REBECCA L. HUDSMITH, La. Bar No. 7052
Office of the Federal Public Defender
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, Louisiana 70501
Telephone: 337-262-6336; Facsimile: 337-262-6605

**ATTORNEY FOR DEFENDANT-MOVANT**